**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>　　　Plaintiff<br><br>v.<br><br>CHURCHILL COUNTY CLERK OF COURT, et. al.,<br><br>　　　Defendants | Case No.: 3:20-cv-00538-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 1-2, 3 |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Plaintiff has filed two applications to proceed in forma pauperis (IFP). (ECF Nos. 1, 3.) The court will review the most recently filed IFP application and recommend granting it, and denying the previously filed application as moot. Plaintiff has also filed a pro se civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1), which the court screens below and recommends dismissing. Finally, the court recommends that Plaintiff's motion for appointment of counsel (ECF No. 1-2) be denied as moot in light of the recommendation for dismissal.

**I. IFP APPLICATION**

　　　A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's second application to proceed IFP (ECF No. 3) should be granted, and the first application (ECF No. 1) should be denied as moot. Plaintiff's financial certificate shows a current account balance and average monthly balance of $0.03, with a zero average in monthly deposits. (ECF No. 3 at 4.) Given Plaintiff's low balance, the court should not require him to make an initial payment; however, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

4

**B. Plaintiff's Complaint**

Plaintiff's Complaint names Churchill County Clerk of Court Sue Savon, Capital Reporters court reporter Shellie Loomis, and District Attorney Lane Mills. Plaintiff alleges that between March 21, 2017 and March 22, 2019, Mr. Mills put into motion a conspiracy to commit evidence tampering, document fraud and violations of Plaintiff's right to due process, by conspiring with Clerk Sue Savon to remove and replace a hearing transcript of May 30, 2017 with a re-typed transcript by court reporter Shellie Loomis on May 28, 2018, one year later. Plaintiff claims this was done because Plaintiff had filed a civil rights lawsuit against Mills and the State of Nevada. He states that they removed a statement that Mills made in court. Plaintiff further avers that Loomis removed a phrase made by Plaintiff's attorney at the sentencing hearing.

He references deliberate indifference, due process, and negligence. He further contends that this violated the Brady Act by suppressing evidence needed at a small claims case. He asserts that they are guilty of the crime of altering a legally protected document, as well as mail fraud.

Prosecutors have absolute immunity for conduct that is an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court confirmed that acts undertaken by a prosecutor in the court of judicial proceedings or trial, and which occur in his role as an advocate for the state, are entitled to the protection of absolute immunity.

Clerks also have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *Mullis v. U.S. Bankruptcy Court Dist. of Nev.*, 828

F.2d 1385, 1390 (9th Cir. 1987) (bankruptcy court clerks had immunity where they were alleged to have accepted and filed an incomplete bankruptcy petition and later refused to accept an amended petition).

Insofar as Plaintiff asserts a *Brady* violation, courts have held that a failure to preserve or turn over exculpatory material before or during trial or after a conviction is an exercise of prosecutorial function that entitles the prosecutor to absolute immunity in a *civil suit*. *See Imbler*, 424 U.S. at 431; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 679 (9th Cir. 1984). Moreover, Plaintiff alleges that he needed the "evidence" for a small claims hearing, not in relation to his criminal conviction.

To obtain relief under section 1983, a plaintiff must establish that the conduct was undertaken by a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A court reporter employed by Capital Reporters, as Plaintiff alleges, would not be a state actor for purposes of section 1983.

Plaintiff also references various crimes he claims these Defendants committed; however, Plaintiff may not pursue criminal conduct in a *civil* complaint.

Finally, with the recommendation for dismissal of any federal claims, the court should not exercise supplemental jurisdiction to the extent Plaintiff seeks to assert state tort claims against the Defendants. 28 U.S.C. § 1367(c).

For these reasons, Plaintiff's Complaint should be dismissed with prejudice, and the pending motion for appointment of counsel (ECF No. 1-2) should be denied as moot.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's second application to proceed IFP (ECF No. 3), and **DENYING** his first application to proceed IFP (ECF No. 1) as moot. Given Plaintiff's low balance, the court should not require him to make an initial payment; however, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

(4) The motion for appointment of counsel (ECF No. 1-2) should be **DENIED AS MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

7

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 23, 2021

                                         *William G. Cobb* (signature)
                                         William G. Cobb
                                         United States Magistrate Judge