UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>  Plaintiff,<br>  v.<br><br>CHURCHILL COUNTY CLERK OF COURT, *et al.*,<br><br>  Defendants. | Case No. 3:20-cv-00538-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Mitchell Goodrum filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) Goodrum has also filed two applications to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. (ECF Nos. 1, 1-2, 3.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 4), recommending that Goodrum's second IFP application be granted, first IFP application be denied as moot, motion for appointment of counsel be denied as moot, and that this case be dismissed with prejudice. Goodrum had until April 6, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts Judge Cobb's R&R and will dismiss this case with prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends Goodrum's second IFP application be granted as Goodrum has an account balance of $0.03 with a zero average monthly deposit. (ECF No. 4 at 3.) Judge Cobb further recommends that Goodrum's complaint be dismissed as: (1) prosecutors and clerks have absolute and quasi-judicial immunity against Goodrum's allegations; (2) the exercise of prosecutorial function entitles a prosecutor to absolute immunity; (3) Goodrum fails to establish under § 1983 that the alleged conduct was undertaken by an individual acting under the color of state law; and (4) Goodrum cannot pursue criminal conduct in a civil complaint. (*Id*. at 5-6.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

It is further ordered that Plaintiff Mitchell Goodrum's first application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

If is further ordered that Plaintiff Mitchell Goodrum's second application to proceed *in forma pauperis* (ECF No. 3) is granted. Given Goodrum's low balance, the Court will not require Goodrum to make an initial payment. However, when Goodrum's prison account exceeds $10.00, Goodrum will be required to make monthly payments in the amount of 20% of the preceding month's income credited to Goodrum's account until the $350.00 filing fee is paid. This is required even if a case is dismissed or is otherwise unsuccessful.

It is further ordered that Plaintiff Mitchell Goodrum's motion for appointment of counsel (ECF No. 1-2) is denied as moot.

///

1     The Clerk of Court is directed to file Plaintiff Mitchell Goodrum's complaint (ECF No. 1-1).

    The Clerk of Court is further directed to send a copy of this order to the attention of *Chief of Inmate Services for the Nevada Department of Corrections*, P.O. Box 7011, Carson City, Nevada 89702.

    It is further ordered that this case be dismissed with prejudice.

    The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 8th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE